UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

      V.                                         11 Cr. 37 (BSJ)

ELVIS ROLON-RODRIGUEZ
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SENTENCING MEMORANDUM

EDWARD D. WILFORD, Esq.
Attorney for Elvis Rolon-Rodriguez
20 Vesey Street - Suite 400
New York, new York 10007
(212) 528-2741
edwardwilford@aol.com

# EDWARD D. WILFORD
Attorney at Law
20 Vesey Street - Suite 400
New York, New York 10007
(212) 528-2741 Fax (212) 964-2926

April 27, 2012
**VIA ELECTRONIC FILING**
Hon. Barbara S. Jones
United States District Court Judge
Southern District of New York
Patrick Moynihan Federal Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Elvis Javier Rolon Rodriguez, et al.*
     *11 Cr.  37  (BSJ)*

Dear Judge Jones:

  This sentencing letter is submitted on behalf of Elvis Rolon-Rodriguez, the above referenced defendant, specifically requesting the Court to sentence him to an appropriate and reasonable sentence pursuant to Title 18 U.S.C. §3553 rather than a sentence within the range suggested by the United States Sentencing Guidelines.

## INTRODUCTION

  Elvis Rolon-Rodriguez is a thirty-one (31) year old who was born in Puerto Rico and came to Beacon, New York when he was sixteen (16) years old. Mr. Rolon-Rodriguez's life has been crippled by a lack of education combined with a long term narcotics addiction problem which has led Mr. Rolon-Rodriguez on a negative life path.

  Elvis Rolon-Rodriguez is before this Court, due to pressures and negative influences that steered him to a life marked by drug-addiction-related crime.  Yet while Mr. Rolon-Rodriguez's criminal history is admittedly significant, we respectfully submit that Mr. Rolon-Rodriguez's criminal history category over-represents the severity of his criminal conduct and should not be the basis for a disproportionately harsh guidelines sentence even at the low end of the sentencing guidelines range of 84 months.

  This submission respectfully requests that the Court look with particular emphasis on Mr. Rolon-Rodriguez's personal background to understand the context of his criminal history and arrive at a sentence more appropriate and reasonable than that

advised by the guidelines.

The history and characteristics of Elvis Rolon-Rodriguez's life provide this Court a sufficient basis to exercise its sentencing discretion to formulate a non-guidelines sentence which is consistent with all of the goals of our criminal justice system; a sentence which will exact "sufficient, but not greater than necessary" punishment and the desired deterrent effect pursuant to Title 18 U.S.C. §3553(a).

For the reasons submitted below, we respectfully submit that a sentence of 60 months is warranted and under all the facts and circumstances is the appropriate and reasonable sentence to impose upon Mr. Rolon-Rodriguez.

## BACKGROUND

Elvis Rolon-Rodriguez was arrested on December 13, 2010 by federal agents and has been detained ever since.   Mr. Rolon-Rodriguez was arrested pursuant to an investigation into the narcotics trafficking of one, Torres-Vizcarrondo, a/k//a " Larry Rojas," a/k/a "Presidio".  "Presidio" was the supplier of cocaine to both the defendant and his co-defendant Felix Doffy.  Torres-Vizcarrando was arrested and separately charged, pled guilty and received a sentence of 60 months.

Mr. Rolon-Rodriguez was indicted on January 11, 2011 in a one count indictment charging him with conspiring to distribute cocaine in violation of Title 21 U.S.C. §846 in violation of Title 21U.S.C.§841(b)(1)(B).

Mr. Rolon-Rodriguez pled guilty on October 21, 2011, pursuant to a plea agreement, to the lesser included charge of Title 21 U.S.C. §846 and Title 21 U.S.C. §841 (b)(1)( C) under Count 1 of the indictment.

Within the plea agreement, the parties stipulated that: 1) the defendant has a Criminal History Category of V based on 11 criminal history points. With an Offense level of 23; 2) the applicable guideline sentencing range is 84 to 105;  and 3) while the parties agreed not to seek an upward or downward departure the parties did however agree to reserve the right to argue to the Court that an application of Title 18 U.S.C. §3553(a) factors should result in a sentence outside of the stipulated guideline range for Mr. Rolon-Rodriguez.

The United States Department of Probation for the Southern District of New York ("Probation") provided the parties its Pre-Sentence Investigation Report ("PSR"), dated December 22, 2011 and a final PSR with addendum on January 13, 2012.  The PSR

2

determined that Mr. Rolon-Rodriguez's guideline sentencing range is 84-105 months based on a Criminal History Category of V and an Offense Level of 23. The PSR recommended a total sentence of 84 months imprisonment on Count 1.

## **PERSONAL AND FAMILY HISTORY**

*Family Life*

Elvis Rolon-Rodriguez is a 31 year-old native of Puerto Rico who came to Beacon New York when he was 16 years old. Mr. Rolon-Rodriguez is the oldest of three siblings and his father resides in Puerto Rico and his mother resides in Boston, MA. Mr. Rolon-Rodriguez, has never been married but is the father of four children by three different women. Mr. Rolon-Rodriguez grew up in an impoverished environment in Puerto Rico. *See*, PSR at ¶55-58.

*Education*

Elvis Rolon-Rodriguez never invested himself toward education as a youth and he never benefitted from the structure and guidance of a serious academic setting. He dropped out of school in the seventh (7th) grade and never attained his GED. However, Mr. Rolon-Rodriguez did try to obtain his GED while in custody in New York State prison unfortunately he was unable to pass the test on two (2) different occasions. Mr. Rolon-Rodriguez has continued to strive for his GED even while detained at the MCC on the current charges. Mr. Rolon-Rodriguez was participating in a GED class when the institution for reasons unknown to Mr. Rolon-Rodriguez cancelled those GED classes. Unfortunately, the other current GED class is so crowded that Mr. Rolon-Rodriguez was denied the opportunity to participate in that class. Nonetheless, Mr. Rolon-Rodriguez is determined to pursue his GED at whatever facility he is designated to serve his sentence.

*Substance Abuse History*

Mr. Rolon-Rodriguez has been abusing various narcotics substances for most of his adult life. Mr. Rolon-Rodriguez began smoking marijuana at age 12 and continued up to the time of his arrest; began using cocaine from age 18 until 2010; began using heroin while incarcerated in a New York State Prison facility in Clinton New York at age 24 and continued to do so until one week before his arrest; at age 29 started using ecstacy until three days before his arrest; and angel dust from 2001 until the week prior to his arrest.

Mr. Rolon-Rodriguez has attended two drug programs for brief periods of time but relapsed each time and did not complete either program. *See*, PSR at ¶64-66

The financial pressures and drug addiction continued to worsen and in fact led his common-law wife, Luz Maria Lang, to declare to the probation officer that they were experiencing extreme financial hardship at the time of Mr. Rolon-Rodriguez's arrest, to the point where Mr. Rolon-Rodriguez had to pawn jewelry to pay their rent. *See*, PSR at ¶59

*Acceptance of Responsibility*

Importantly, Mr. Rolon-Rodriguez has fully accepted responsibility and expressed genuine remorse for his actions in this matter.  Throughout the sentencing process Mr. Rolon-Rodriguez has been humble and respectful at all times. Mr. Rolon-Rodriguez has had not had a single incident during the period of his incarceration, which is indicative of his adjustment, remorse and rehabilitation.  He has made great strides and has shown maturity in standing accountable for his actions.  Equally important, Mr. Rolon-Rodriguez is now cognizant of the destructive effect that substance abuse has had on his life.  He believes that he is now prepared to learn to cope with his addiction and move forward as a productive member of society. Mr. Rolon-Rodriguez hopes that this Court will take into account Mr. Rolon-Rodriguez's life circumstances, and employ mercy and compassion to impose a sentence that will allow Mr. Rolon-Rodriguez to re-enter society as a productive and contributing member of society and be a father to his children.

## THE APPLICABLE LAW

In this case, the application of the guideline sentencing range to determine the reasonable and appropriate sentence to impose upon Mr. Rolon-Rodriguez over-represents Mr. Rolon-Rodriguez's likelihood of recidivism as well as the need to protect the public.  For the reasons set forth herein, the Court should sentence Mr. Rolon-Rodriguez to an appropriate and reasonable sentence of 60 months total imprisonment.

The defendant respectfully requests that the court sentence Mr. Rolon-Rodriguez utilizing the analysis consistent with *United States v. Booker*, 125 S.Ct. 738 (2005).  The court is not bound to simply impose the guideline sentence.  In fact, *Booker*, and its progeny permits the court to sentence the defendant in accordance with 18 U.S.C. §3553(a) factors to determine the appropriate sentence for Mr. Rolon-Rodriguez.

While we do not object to the PSR's guideline calculation, we perceive that the severity of Mr. Rolon-Rodriguez's criminal history is disproportionately overstated by the rubric of the guideline.

Probation's PSR recommendation of a sentence of 84 months is not the reasonable and appropriate sentence to be imposed upon Mr. Rolon-Rodriguez. A closer, particularized consideration of the circumstances of Mr. Rolon-Rodriguez's life circumstances clearly reflect the applicability of 18 U.S.C. § 3553(a) factors such that Mr. Rolon-Rodriguez's Criminal History Category grossly over-represents the seriousness of his criminal record.

### APPLICATION OF TITLE 18 U.S.C. §3553(a)

An application of Title 18 U.S.C. §3553(a) to Mr. Rolon-Rodriguez weighs heavily in favor of Mr. Rolon-Rodriguez receiving a lower sentence than that suggested by the straight guideline analysis sentence of 84 to 105 months.

Title 18 U.S.C. §3553(a) directs a sentencing court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4)the guideline range and sentence; (5) any pertinent policy statement;  (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Title 18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, *inter alia*.  The ultimate goal of the sentencing court is to find just punishment by carefully balancing important public policy considerations along with the prophylactic and rehabilitative objectives of 18 U.S.C. § 3553(a).  Mr. Rolon-Rodriguez should be sentenced outside the guideline range and the goals of Title 18 U.S.C. §3553 will be achieved.

Mr. Rolon-Rodriguez's criminal record, beyond the mere number of convictions, when viewed in a more introspective manner is very illustrative as to why Mr. Rolon-Rodriguez should not be sentenced within the guideline range.

5

The first consideration is that all of Mr. Rolon-Rodriguez's most serious offense conduct occurred in a cluster between the ages of 18 and 21, a span of approximately three years. In fact Mr. Mr. Rolon-Rodriguez was just eighteen years old when he was sentenced to a period of incarceration of three years to life in jail. For a narcotics conviction in New York State. If Mr. Rolon-Rodriguez was sentenced today, for the same conduct, he would have faced an entirely different sentencing regimen and would not currently be on parole for life. In fact given his age and lack of criminal record at that time he would probably have been sentenced to a non-incarceratory sentence at best or a short period of incarceration followed by probation. This is important to note because this is the most significant sentence that Mr. Rolon-Rodriguez received.

Mr. Rolon-Rodriguez's felony convictions are not a fair representation of his life or criminal history. Rather, Mr. Rolon-Rodriguez's felony convictions represent a drug addicted young man who never really received treatment for his addiction and Mr. Rolon-Rodriguez's resorted to the sale of controlled substances to sustain and support his own drug addiction. That Mr. Rolon-Rodriguez is subject to Criminal History Category V status due to such a short segment of his life is unduly harsh and subjects him to a sentencing range that is extremely disproportionate to his actual criminal history and life circumstances.

The argument can be made that constant incarceration has not curbed Mr. Rolon-Rodriguez's criminal conduct, but an equally persuasive argument is that Mr. Rolon-Rodriguez was incarcerated at an early age and never given the tools to effectively cope with his obvious deficiencies. The lack of education, his environmental surroundings, lack of guidance and drug abuse all combined to impact on Mr. Rolon-Rodriguez, as it has on so many other young inner city males, to push him toward a negative path.

It is important to note at this juncture that the defendant is not attempting to minimize his prior criminal conduct. The defendant is however, asking the court to consider that conduct in an analytical context as suggested by Title 18 U.S.C. §3553(a). The defendant is respectfully requesting that the court not sentence him as a Criminal History Category V Offender because such treatment was intended for individuals other than those who present the circumstances Mr. Rolon-Rodriguez does to the Court.

The guideline analysis results in offense level of 23 Coupled with a Criminal History Category V, which yields an advisory sentence range of 84 to 105 months. Without the application of the advisory guideline range and an application of Title 18 U.S.C. §3553(a) the Court can arrive at the reasonable and appropriate sentence to impose upon Mr. Rolon-Rodriguez.

Title 18 U.S.C. §3553(a) considerations result in the appropriate sentence for Mr. Rolon-Rodriguez being a term of 60 months total imprisonment. This sentence, while lower than the guidelines recommended sentence, nevertheless exacts a harsh punishment in any context and would achieve the goals of sentencing as defined in Title 18 U.S.C. §3553(a). The imposition of the suggested sentence would impress upon Mr. Rolon-Rodriguez the seriousness of the offense and society's displeasure with his conduct.

1) **The nature and circumstances of the offense and the history and characteristics of the defendant**

It is indisputable that the offense involved in the instant matter is very serious and warrants significant punishment. However, the circumstances and nature of this particular individual show that Mr. Rolon-Rodriguez is before the Court due to life pressures and drug abuse spiraling out of control not simply an inexplicable criminal propensity.

Most importantly, Mr. Rolon-Rodriguez has demonstrated genuine remorse and accountability. He has acknowledged and identified his drug addiction as the primary destructive influence in his life. He is prepared to move forward and learn to cope with his problems so that he can re-enter society as a meaningful contributor and responsible father.

Thus, the Title 18 U.S.C. §3553(a)(1) factor weighs in favor of Mr. Rolon-Rodriguez receiving a non-guideline sentence and not receiving treatment as a Criminal History Category V offender in arriving at the appropriate and reasonable sentence.

2) **The need for the sentence imposed:**
   (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B)  to afford adequate deterrence to criminal conduct;
   (C)  to protect the public from further crimes of the defendant;

The requested sentence of 60 total months is appropriate and reasonable. It would appropriately reflect society's designation of the instant offenses as serious offenses meritorious of substantial punishment, promote respect for the law and provide just punishment. Such a sentence would also provide adequate deterrence and protect the public because upon his release from such sentence, Mr. Rolon-Rodriguez would be well into his thirties, with children near adulthood. It is also noteworthy that studies have shown that there is a marked drop in recidivism as defendants reach that age bracket.

     Mr. Rolon-Rodriguez is in dire need of vocational training and medical treatment for his substance abuse. During a 60 month sentence Mr. Rolon-Rodriguez would be able to receive the vocational training available from the Bureau of Prisons. He would also, in no small measure, based upon the Court's recommendation, be provided with the long term substance abuse program which would surely benefit Mr. Rolon-Rodriguez. The Bureau of Prisons drug and alcohol substance abuse program is highly regarded and would afford Mr. Rolon-Rodriguez the opportunity to treat and deal with his addiction over a lengthy period in a structured environment. The educational improvement via the pursuit of his GED, and job training coupled with the long term drug treatment program will greatly enhance the ability of Mr. Rolon-Rodriguez to not be a recidivist. A further important consideration is that Mr. Rolon-Rodriguez is still on lifetime New York State Parole and will be on Federal Supervised Release supervision. It is fully expected that with that degree of supervision Mr. Rolon-Rodriguez would be hard pressed to engage in further criminality.

     With respect to the remainder of the Title 18 U.S.C. §3553 factors the various sentences available have already been addressed as well as the pertinent policy statements, there is no disparity that would result to similarly situated defendants if Mr. Rolon-Rodriguez is not treated as a Criminal History Category V offender. In fact it is important to note that "Presidio", the person who was the supplier of drugs to Mr. Rolon-Rodriguez, received a sentence of 60 months. In order to avoid sentencing disparity among individuals in the same conspiracy, particularly when Mr. Rolon-Rodriguez's role is significantly less than that of "Presidio", logic, fairness and justice dictates that Mr. Rolon-Rodriguez should not receive a sentence greater than the sentence imposed upon his supplier.

     Mr. Rolon-Rodriguez was facing a mandatory minimum sentence of 60 months under the Indictment, therefore there would be nothing offensive about sentencing him to 60 months when he was permitted to plead guilty to a lesser included offense under count one of the indictment.

     Finally, there is no need to provide restitution to any victims of the offense.

## **CONCLUSION**

     The court should not sentence Mr. Rolon-Rodriguez pursuant to the guidelines but rather pursuant to Title 18 U.S.C. §3553. For all of the reasons detailed above 60 months would be a reasonable and appropriate sentence.

     Mr. Rolon-Rodriguez should receive a sentence consistent with the

issues raised herein and be sentenced in accordance with Title 18 U.S.C. §3553. Thereby the goals and objectives of Title 18 U.S.C. §3553 can be achieved by sentencing Mr. Rolon-Rodriguez to 60 months. An appropriate and reasonable sentence which is not greater than sufficiently necessary to achieve the sentencing paradigms set forth in Title 18 U.S.C. §3553.

                                                                  Respectfully submitted,

                                                                  Edward D. Wilford

EDW/jh