UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| -v.- | :   11 Cr. 37 (BSJ) |
| ELVIS JAVIER ROLON RODRIQUEZ, | : |
| Defendant. | : |

------------------------------------------------------------x


THE GOVERNMENT'S SENTENCING SUBMISSION


                                            PREET BHARARA
                                            United States Attorney for the
                                            Southern District of New York
                                            One St. Andrew's Plaza
                                            New York, New York 10007


Alvin Bragg
Assistant United States Attorney
- Of Counsel -

The defendant is scheduled to be sentenced on May 18, 2012. The Government respectfully files this submission in advance of the sentencing, and in response to defense counsel's sentencing submission, in which defense counsel asks the Court to impose a sentence of 60 months' imprisonment. The Government respectfully requests that the Court impose a sentence within the Guidelines range of 84 to 105 months' imprisonment. Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

A.   **The Indictment and The Offense Conduct**

The Indictment charged the defendant with conspiring to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. Sections 841(b)(1)(B) and 846. Pursuant to a plea agreement with the Government, the defendant pled guilty to the lesser included offense of conspiring to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. Sections 841(b)(1)(C) and 846. Notwithstanding that the defendant pled guilty to this lesser included charge, the Government and the defendant agreed in the plea agreement that the offense conduct involved a conspiracy to distribute at least 500 grams of cocaine but less than two kilograms of cocaine.

As the Presentence Investigation Report ("PSR") sets forth, law enforcement agents intercepted a series of drug-related phone calls involving the defendant, his co-defendant Doffy Felix, and another co-conspirator Carlos Torres-Vizcarrondo. During these calls, the

price, quality, and quantity of cocaine were discussed. (PSR ¶¶ 11 - 14, 19 - 22.) In addition, agents conducted surveillance of the three men engaging in a narcotics transaction. (PSR ¶¶ 15 - 17.)

**B.     The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") calculated a total offense level of 23. (PSR ¶ 37.) The base offense level is 26, because the offense involved an agreement to distribute at least 500 grams but less than two kilograms of cocaine, and the base offense level is reduced by three levels because of the defendant's acceptance of responsibility. (Id. ¶¶ 28, 34.)

The Probation Office also determined that the defendant has 11 criminal history points and is in Criminal History Category V. (PSR ¶ 51.) The defendant has three convictions that result in criminal history points. In 1999, he was convicted of criminal possession of a controlled substance, and that conviction resulted in a sentence to a term of imprisonment of three years to life. (Id. ¶ 42.) The PSR assesses the defendant with three criminal history points for this conviction. (Id.) In 2001, the defendant was convicted of criminal sale of a controlled substance, and that conviction resulted in a sentence to a term of imprisonment of five to ten years and the defendant being placed on parole for life. (Id. ¶ 44.) In 2011, his parole was revoked because of a failure to report to the parole office and his arrest for the instant federal offense. (Id. ¶ 46.) The PSR assesses the defendant with three criminal history points for his conviction in 2001 and an additional two points because he was on parole when he committed the instant offense. (Id. ¶¶ 44, 50.) In 2002, the defendant was convicted of attempting to make or possess dangerous contraband in prison, and that conviction resulted in a sentence to a term

of imprisonment of 18 months to three years.  (Id. ¶ 47.)  The PSR assesses the defendant with three criminal history points for this conviction.  (Id.)

Based upon an offense level of 23 and a Criminal History Category of V, the Probation Office arrived at a Guidelines range of 84 to 105 months' imprisonment.  (PSR ¶ 77.)  This range – and the underlying calculations – are the same as what is set forth in the defendant's plea agreement.

## DISCUSSION

**A.    Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id.

§ 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B.     A Guidelines Range Sentence Is Appropriate

The defendant's sentencing submission argues that the defendant should receive a sentence of sixty months' imprisonment, which is substantially below the bottom of the Guidelines range of 84 to 105 months.  The defendant principally argues that his Criminal History Category overrepresents the severity of his criminal conduct.  Defense counsel correctly points out that the offense conduct for the defendant's three convictions took place when he was between the ages of 18 and 21.  However, the defendant's parole violation and the instant offense took place when he was 29 years old.  Given his recent conduct, it is difficult to conclude that his prior convictions were due solely to his youth, that he has turned his back on illegal drug

trafficking, or that his prior convictions and sentences provided sufficient deterrence. Serious deterrence is warranted to address the defendant's recidivist conduct. Defense counsel also suggests that a non-Guidelines sentence is warranted to avoid sentencing disparities and notes that the defendant's co-conspirator, Torres-Vizcarrondo, was sentenced to 60 months. This argument fails to take into account that Torres-Vizcarrondo's criminal history was not as extensive as the defendant's criminal history; Torres-Vizcarrondo had five criminal history points and the defendant, as noted above, has eleven. In sum, based upon the defendant's prior criminal conduct and the instant offense conduct, the Government respectfully suggests that, a Guidelines sentence is warranted to deter him from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 84 to 105 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:  _____/s/_____
Alvin Bragg
Assistant United States Attorney
Tel.: (212) 637-1085